**Armen GHAZARYAN; et al., Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 04–72659.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.*

Filed May 22, 2009.

Susan Elizabeth Hill, Hill, Piibe & Villegas, David Nakatsuma, Esquire, Los Angles, CA, for Petitioners.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Leslie McKay, Esquire, Jeff Mitchell, Esquire, Oil, Earle B. Wilson, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

MEMORANDUM **

Armen Ghazaryan and his wife, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider. *Morales Apolinar v. Mukasey,* 514 F.3d 893, 895 (9th Cir.2008). We dismiss in part, deny in part, and grant in part the petition for review.

To the extent Ghazaryan challenges the BIA's earlier order denying his application for asylum, withholding of removal, and protection under the Convention Against Torture, we lack jurisdiction because this petition is not timely as to that decision. *See Ma v. Ashcroft,* 361 F.3d 553, 558 n. 6 (9th Cir.2004).

The BIA did not abuse its discretion when it declined to revisit Ghazaryan's claim that family members of people he arrested mistreated him. *See* 8 C.F.R. § 1003.2.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

However, the BIA abused its discretion by not addressing Ghazaryan's contention that police officers detained and mistreated him for his opposition to police corruption. *See Karapetyan v. Mukasey,* 543 F.3d 1118, 1132–33 (9th Cir.2008). Accordingly, we grant the petition for review and remand to the BIA for further proceedings consistent with this disposition. *See Minasyan v. Mukasey,* 553 F.3d 1224, 1229 (9th Cir.2009).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**